**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**EDWARD H. BONEY,**
        **Plaintiff,**

**v.**                                                         **Civil Action No. 3:17-CV-113
                                                              (GROH)**

**LT. R. TUTTLE,
R. HASS, Staff Employee,
J. BONNELL, Special Housing Unit
staff #1,
E. ALRGDE, Staff member,
J. SAAD, Warden, and
R. A. CLEM, C-Unit Manager**
        **Defendants.**

## REPORT AND RECOMMENDATION

### I.  Introduction

Plaintiff is a federal inmate presently confined at Hazelton USP, in Bruceton Mills, West Virginia.  His projected release date is September 25, 2026.  Plaintiff was previously confined at FCI Gilmer in Glenville, West Virginia.  It was during his confinement at FCI Glenville that the events occurred which led to this civil action being filed on September 8, 2017, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

On the same day he filed his Bivens complaint, Plaintiff also filed a motion to proceed in forma pauperis and consent to collection of fees from his trust account.  ECF Nos. 2, 3.  Plaintiff paid the initial partial filing fee on January 2, 2018.  ECF No. 11.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

and LR PL P 2. For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice.

## II.  Factual and Procedural History

In his complaint filed on September 8, 2017, Plaintiff named as defendants the warden, a unit manager and four staff members.  ECF No. 1.  Plaintiff asserts five grounds for relief: (1) that Lt. R. Tuttle ("Tuttle") retaliated against him on July 15, 2017, related to an allegation that Plaintiff attempted to start a riot [ECF No. 1 at 7- 8]; (2) that staff employee R. Hass ("Hass") lied on federal documentation about retrieving a razor from Plaintiff's cell on or about July 15, 2017 [Id. at 8]; (3) that Officer J. Bonnell ("Bonnell") retaliated against him on or about July 19, 2017, by requiring Plaintiff to eat after all other inmates were served, following a July 15, 2017, request by inmates to turn off a fan [Id.]; (4) that Officer E. Alrdge [sic] ("Alrdge") harassed and threatened Plaintiff with charges of inciting a riot on July 15, 2017 [Id. at 8 - 9]; and (5) that Warden J. Saad ("Saad"), C-Unit Manager R. A. Clem ("Clem") and "other staff members" were given various Bureau of Prisons grievance forms ("BP8" forms) which were never returned to Plaintiff with a disposition, despite writing to the warden on six[1] separate dates [Id. at 9].  Plaintiff claims that these actions constituted an intentional infliction of emotional distress, which caused him loss of sleep, muscle and joint pain, nightmares, and fear about eating food provided to him.  Id. at 9.

Attached to the complaint are a number of administrative remedy documents[2]

---

[1]  Plaintiff claims to have written to Warden Saad on June 12, 2017, June 30, 2017, July 21, 2017, July 25, 2017, July 28, 2017, and August 11, 2017.  ECF No. 1 at 9.  Two of those dates appear on their face to have occurred prior to the July 15, 2017 incidents in question.  Thus it appears impossible for those letters written on June 12, 2017, and June 30, 2017, to have addressed the July 15, 2017, incident or the alleged retaliation or harassment subsequent to that incident.

[2]  Several of the administrative remedy documents predate the July 15, 2017, incidents which underlie Plaintiff's claims of retaliation and harassment.

including: a July 19, 2017, rejection notice from the Mid-Atlantic Regional Office [ECF No. 1-1 at 1]; an August 7, 2017, rejection notice from the Mid-Atlantic Regional Office [Id. at 2]; a July 16, 2017, incident report of refusing an order from the July 15, 2017, incident [Id. at 3]; a July 16, 2017, incident report of possession of a weapon from the July 15, 2017, incident [Id. at 4]; a January 30, 2003, request for administrative remedy related to a separate incident [Id. at 5]; a January 30, 2003, request for administrative remedy related to a separate incident [Id. at 6]; a July 2, 2017, letter from Plaintiff addressed "to whom it may concern" [Id. at 7 – 8]; a July 25, 2017, letter from Plaintiff addressed "to whom it may concern" [Id. at 9 – 11]; a July 25, 2017, Request for Administrative Remedy filed by Plaintiff [Id. at 12]; an August 20, 2017, letter from Plaintiff addressed "to whom it may concern" [Id. at 13]; a May 6, 2017, Administrative Detention Order which was provided to Plaintiff on May 11, 2017 [Id. at 14]; an August 9, 2017, letter to Plaintiff from his member of Congress [Id. at 15]; a June 9, 2017, "Male Custody Classification Form" [Id. at 16] ; an August 4, 2017, "Male Custody Classification Form" [Id. at 17]; a June 30, 2017, Request for Administrative Remedy received by the Mid Atlantic Regional Counsel for the Bureau of Prisons on July 19, 2017 [Id. at 18]; a July 25, 2017, Request for Administrative Remedy received by the Mid Atlantic Regional Counsel for the Bureau of Prisons on August 7, 2017 [Id. at 19]; an August 25, 2017, letter addressed "to whom it may concern" [Id. at 20]; an August 25, 2017, letter addressed "to whom it may concern" [Id. at 21 – 22]; three August 25, 2017, Regional Administrative Remedy Appeals [Id. at 23 - 25]; and an August 9, 2017, Memorandum for Administrative Remedy coordinator [Id. at 26].

3

Plaintiff, acting *pro se*, seeks ten thousand dollars ($10,000.00) in damages, and seeks to have staff members be retrained and reprimanded, and to have the incident reports filed against him be expunged. ECF No. 1 at 9.

### III.  Legal Standard

### A.  Pro Se Litigants.

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> statute accords judges not only the authority to dismiss a
> claim based on an indisputably meritless legal theory, but
> also the unusual power to pierce the veil of the complaint's
> factual allegations and dismiss those claims whose factual
> contentions are clearly baseless. Examples of the former
> class are claims against which it is clear that the defendants
> are immune from suit. . .

490 U.S. at 327.

**B.   Civil Rights Actions Under Bivens.**

In <u>Bivens</u>, <u>supra</u>, the Supreme Court recognized that claimants may assert a

cause of actions for damages caused by federal agents.  In <u>FDIC v. Meyer</u>, 510 U.S.

471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a

<u>Bivens</u> claim, writing, "*Bivens* from its inception has been based . . . on the deterrence

of individual officers who commit unconstitutional acts."  <u>Id.</u>  <u>See</u> <u>Correctional Services</u>

<u>Corp. v. Malesko</u>, 534 U.S. 61, 71 (2001).

**IV.  Analysis**

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff

fails to present a claim upon which relief can be granted.

The Prison Litigation Reform Act (PLRA) of 1996, placed an important limitation

upon all actions arising from incarceration, requiring proof of physical injury arising from

the allegedly unconstitutional condition. Under 42 U.S.C. § 1997e(e), no recovery of

monetary  damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner
> confined in a jail, prison, or other correctional facility, for
> mental or emotional injury suffered while in custody without a
> prior showing of physical injury or the commission of a
> sexual act (as defined in section 2246 of Title 18).

See <u>Munn Bey v. Department of Corrections</u>, 839 F.Supp.2d 1 (D.D.C. 2011),

Here, Plaintiff seeks monetary damages for "intentional infliction of emotional distress[ ], loss of sleep, muscle and joint pain, nightm[ares]" and fear of eating his food. ECF No. 1 at 9.  Although Plaintiff alleges he suffered some physical ailments in the form of "muscle and joint pain", he fails to allege any injury which precipitated his pain. Further, he fails to allege that the alleged physical injuries were the result of the events he describes in his complaint.  Even if Plaintiff had stated a claim upon which relief could be granted, he is ineligible to receive monetary damages unless he has demonstrated prior physical injury, which is not present here.  Accordingly, Plaintiff is not entitled to monetary relief.

The undersigned recognizes that Plaintiff also appears to be seeking mandamus relief in the form of an order by this Court which directs the Bureau of Prisons at FCI Gilmer to retrain and reprimand staff at that institution.  However, this action filed pursuant to <u>Bivens</u>, is an improper vehicle to obtain such relief.  Moreover, "failure to follow prison rules or regulations does not, without more, give rise to a constitutional violation."  <u>Weatherholt v. Bradley</u>, 316 Fed. App'x 300, 303 (4th Cir. 2009) (per curiam, unpublished)(<u>citing</u> <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir 1996) ("A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. . . . In determining whether constitutional minima have been satisfied, [the Fifth] Circuit has relied upon the holdings of the United States Supreme Court in <u>Parratt v. Taylor</u>, 451 U.S. 527 [ ] (1981),[4] and <u>Hudson v. Palmer</u>, 468 U.S. 517 [ ] (1984).")  To the extent that Plaintiff alleges staff failed to follow certain BOP policies, based on the holding of

---

[4]     Overruled on other grounds in <u>Daniels v. Williams</u>, 474 U.S. 327 (1986).

<u>Weatherholt</u> he is not entitled to any mandamus relief.

Additionally, Plaintiff requests that this court expunge the incident reports from the July 15, 2017, event, which relief is not available in this <u>Bivens</u> action.  A civil rights suit is an improper action for prisoners to challenge prison disciplinary proceedings.

Accordingly, because Plaintiff can prove no set of facts which would entitle him to relief, he fails to state a claim upon which relief may be granted as to any of the named Defendants.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITH  PREJUDICE**, based on the failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208

(1984).

 This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

 The Clerk of the Court is directed to send a copy of this Order to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

 DATED:  November 29, 2018


      /s/ *Robert W. Trumble*
      ROBERT W. TRUMBLE
      UNITED STATES MAGISTRATE JUDGE